OPINION
This is an appeal from the judgment of the Hancock County Common Pleas Court, which sentenced Defendant-Appellant, Matthew Rowland to an additional twelve months of incarceration for committing a felony while on post-release control.
On February 21, 2001, while on post-release control, Rowland was indicted for Burglary under R.C. 2911.12(A)(2), a felony of the second degree and Receiving Stolen Property under R.C. 2913.51, a felony of the fourth degree. On May 16, 2001, the State dismissed the Burglary charge in exchange for a guilty plea from Rowland on the Receiving Stolen Property charge. On June 13, 2001, the trial court sentenced Rowland to seventeen months in prison for receiving stolen property and an additional twelve months under R.C. 2967.28(F)(4) for committing a felony while on post-release control. Rowland did not object to the constitutional validity of R.C. 2967.28(F)(4) at the plea hearing or at the sentencing hearing.
On July 13, 2001, Rowland appealed the June 13, 2001 sentence asserting the following assignments of error:
 1. Whether the Ohio Revised Code, Section 2967.28(F)(4), which allows the trial court to impose an additional period of incarceration not to exceed twelve (12) months upon a conviction for a felony offense which was committed while the defendant was on post-release control, is unconstitutional under the United States and Ohio Constitution as violating due process.
 2. Whether the Ohio Revised Code, Section 2967.28(F)(4), which allows the trial court to impose an additional period of incarceration not to exceed twelve (12) months upon a conviction for a felony offense which was committed while the defendant was on post-release control, is unconstitutional under the United States and Ohio Constitutional prohibitions against double jeopardy.
 3. Whether the Ohio Revised Code, Section 2967.28(F)(4), which allows the trial court to impose an additional period of incarceration not to exceed twelve (12) months upon a conviction for a felony offense which was committed while the defendant was on post-release control, is unconstitutional is violating the doctrine of separation of powers under the under Ohio Constitution.
 4. Whether the defendant committed a felony offense during a period of time under which he was subject to post-release control, under Ohio Revised Code, Section 2967.28 after said period of said post-release control has been terminated, the Trial Court may not impose additional penalties for a conviction of a felony offense that was committed while the Defendant was under post-release control pursuant to Ohio Revised Code, Section 2967.28(F)(4) as it is violative of separation of powers under the Ohio Constitution.
"The question of constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution this means in the trial court." State v. Awan (1986), 22 Ohio St.3d 120. If a party fails to object to a constitutional issue at trial, an appellate court need not consider the objection for the first time on appeal. Id., paragraph one of the syllabus; see also Woyan v. Schlicher (Mar. 15, 2001), Washington App. No. 00CA24, unreported (declining to address a constitutional issue regarding R.C. 2967.28 which was not raised in the trial court). A review of the record reveals that Rowland failed to object to the constitutionality of R.C. 2967.28(F)(4) at any stage of the litigation. As such, Rowland has waived these complaints and assignments of error one through four are overruled.
Based on the foregoing, the July 13, 2001 judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.